No. 24-2385

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| IVIVA PAIGE, | ) | Appeal from the United States |
| | ) | District Court for the |
| Petitioner-Appellee, | ) | Northern District of Illinois |
| | ) | |
| v. | ) | No.: 23 CV 5113 |
| | ) | |
| WARDEN EDDY, | ) | Honorable Jeremy C. Daniel |
| | ) | Presiding |
| Respondent-Appellant. | ) | |

# REQUEST FOR A
# CERTIFICATE OF APPEALABILITY

NOW COMES the Petitioner-Appellee, IVIVA PAIGE, by her attorneys, pursuant to Fed. R. App. P 22(b) requesting that the Court issue a Certificate of Appealability. In support, Ms. Paige states the following:

## I. BACKGROUND

This is an appeal from the dismissal of a petition brought under 28 U.S.C. §2254 as untimely. When calculating whether the petition was timely, the district court judge included time before the order challenged in the §2254 petition ever existed. That time should not have been included because Paige could not have filed a petition raising a claim before it existed, and consequently her petition was filed on time.

On June 30, 2008, Ms. Paige was found guilty of first-degree murder in a bench trial. She was sentenced to 23 years in prison. *See* R. 1, pgs. 1-22. Ms. Paige unsuccessfully appealed her conviction to the Illinois First District Appellate Court. See R. 1, Exh. H, pg. 285. On March 30, 2011, the Illinois Supreme Court denied her request for leave to further appeal. *People v. Paige*, 949 N.E.2d 663 (Ill. 2011).

Her privately retained counsel had argued at trial she had acted in self-defense but told her as she was being asked by the judge during her trial to tell him she did not want to testify on her own behalf. He rested after calling one witness absent her testimony in support of self-defense. R. 1, pg. 9.

On September 27, 2011, she filed a state post-conviction petition, claiming ineffective assistance of counsel and requesting an evidentiary hearing. She wrote she had wanted to testify but her trial counsel had deprived her of that right when he never reviewed the discovery with her, never had her tell him what happened, never met with her, and never discussed any testimony she might offer. R. 1, Exh. A, pg. 24. The state court found her petition not frivolous, appointed counsel who filed an amended petition (R. 1., Exh. B, pg. 41), and advanced it to an evidentiary hearing.

Then, after hearing the evidence, the state court judge, in a written decision, concluded that the evidence formed to what Paige had written in her petition and granted her a new trial. R. 1, Exh. D, pgs. 85-99. In October 2006

Paige had stabbed a lady during a fight that the Illinois appellate court described as "mutual combat." *Id.*, pg. 87. After Paige was charged with murder, her family obtained private counsel, attorney Herbert Goldberg. He represented her from the start, but as she had alleged, never met with her outside of court. Although she asserted an affirmative defense of self-defense and they planned on her testifying, when it came time for the defense's case he leaned over and advised her to tell the trial judge she did not wish to testify. *Id.*, pg. 90. According to the state court judge who heard from both Goldberg and Paige, "Goldberg said he gave her no advice on the matter." *Id.*, pg. 96. The trial court continued, "defense counsel's lack of meaningful advice or preparation regarding the Defendant's possible testimony undermined any confidence in the outcome of Paige's trial. Thus, had Paige testified, there was a reasonable possibility that the trial court's finding would have been something other than first degree murder." *Id.*, pg. 99. The court vacated Paige's conviction and ordered a new trial. Paige was released from custody in 2020.

The State appealed. Although the evidence from her post-conviction hearing showed counsel did not visit her in jail, and only recalled speaking to her about testifying "while the State was in the middle of arguing against the directed finding" relying upon *People v. Knapp,* 2020 IL 124992, a case decided

3

after Paige's 2020 release, the court reversed. *People v. Paige*, 2022 Ill. App. (1st) 200746-U, ¶23.

Paige sought review in the Illinois Supreme Court, but the court denied her request on September 28, 2022. *People v. Paige*, 2022 WL 5028286 (Ill. 2022).

On August 3, 2023, Paige filed the instant petition for habeas corpus in federal district court. R. 1. On October 3, 2023, the State filed a Motion to Dismiss Paige's Habeas Petition, arguing it was untimely. R. 6. The district court granted the State's motion to dismiss on July 17, 2024, finding that Paige filed her 2254 petition 35 days too late.

The district court's analysis is as follows: Plaintiff had one year from when her state court case became final to file for habeas. *See* 28 U.S.C. § 2244(d)(1). Her state court case became final on June 28, 2011 (90 days after her direct appeal was denied). She filed for federal habeas on August 3, 2023. However, the period between September 27, 2011, the date when Paige filed her pro-se collateral attack in her conviction in state court (alleging ineffective assistance of counsel), and September 28, 2022 (the date the Illinois Supreme Court declined to hear her state petition for collateral attack) was tolled pursuant to 28 U.S.C. § 2244(d)(2). So, while on its face, Paige should have had until September 28, 2023, to file her federal collateral attack, the district court reasoned that she had to have filed it 91 days earlier because the period

between June 28, 2011 (conclusion of direct appeal) and September 27, 2011 (pro-se state collateral attack) was not tolled.

Because reasonable jurists could differ from the district court's opinion, Ms. Paige requests that this Court issue a Certificate of Appealability. *Slack v. McDaniel*, 529 U.S. 473 (2000) (when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling).

## II. ARGUMENT

The district court got the start date incorrect. The district court started the clock on June 28, 2011, when Paige had exhausted her direct appeal. However, §2254(D)(1) states that the one-year limitation period begins to run on the *latest* date of (A) conclusion of direct review . . . (D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, the district court used date (A) when it should have used date (D).

The factual predicate for Ms. Paige's claim did not exist until a record was built to form the basis of her ineffective assistance claim. *See People v.*

*Ligon*, 239 Ill. 2d 94 (Ill. 2010); *Tate v. Pierson*, 52 Fed.Appx. 302 (7th Cir. 2002).

Had Paige tried to raise counsel's ineffectiveness on direct appeal, a reviewing court would have struck the issue. *See People v. Ligon*, 239 Ill. 2d 94 (Ill. 2010) ("We also note that where, as here, the record is insufficient because it has not been precisely developed for the object of litigating a specific claim of ineffectiveness raised in the circuit court, thereby not allowing both sides to have an opportunity to present evidence thereon, such a claim should be brought on collateral review rather than on direct appeal.").

The same is true in this case. The proof of counsel's ineffectiveness was *dehors* the record. *People v. Veach*, 2017 IL 120649 (Ineffective assistance claims are better suited to collateral proceedings when the record is incomplete or inadequate, citing *Massaro v. United States*, 538 U.S. 500, 504-05, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).) She could not begin to exhaust her state court remedies before there was a state court record. "Ordinarily, a state prisoner seeking federal habeas relief must first "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts "the first opportunity to address and correct alleged violations of [the] prisoner's federal rights," *Coleman*, 501 U.S., at 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640." *Walker v. Martin*, 562 U.S. 307, 315-16, 131 S. Ct. 1120, 1127 (2011). Paige had to first develop the record.

There was no evidence in the record from the trial itself of how her attorney was ineffective. The only thing the record would have reflected would have been her answer to the trial court's question when she said she did not want to testify. All of the other information, that her attorney had never met with her, did not review the discovery with her, had not discussed her potential testimony and learned what she would have testified to, and even that he leaned over and told her what to say in that exact moment, was not a part of the record on state appellate review.

Furthermore, Illinois law requires that an issue be both objected to in a trial and raised in a post-trial motion to be raised on appellate review and neither was done here. *See People v. Whitehead*, 169 Ill.2d 355, 372, 662 N.E.2d 1304 (1996) (a claim of ineffective assistance of trial counsel cannot be considered on direct appeal where the evidentiary basis is *dehors* the record. *See* also *People v. Holman*, 164 Ill.2d 356, 376, 647 N.E.2d 960 (1995); *People v. Ceja*, 204 Ill. 2d 332, 356, 273 Ill. Dec. 796, 812, 789 N.E.2d 1228, 1244 (2003) ("[T]he record shows that defendant failed to object to these remarks at trial and failed to raise the issue in his post-trial motion. The issue is, therefore, waived. *Enoch*, 122 Ill. 2d at 186; *Jackson*, 84 Ill. 2d at 358-59."). The clock for habeas review is intended to be running only upon those claims that are ripe for review. This one was not. The evidence was not included in the record. The ruling did not exist. The supporting facts were missing. *See* §2244(d)(1)(D).

7

The district court below disagreed, holding that since an Illinois defendant can raise ineffective assistance on direct appeal, the clock must start running once the direct appeal is denied. However, the district court's opinion is based on an erroneous understanding of Illinois law. Further, all the cases cited by the district court – *Conner v. Reagle*, 82 F.4th 542, 552–53 (7th Cir. 2023), *Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) etc. – involve attorney ineffectiveness in state court habeus proceedings. With respect, these cases are inapplicable and show that the district court misapprehended Paige's argument. While it is theoretically possible to use the words "ineffective assistance" in a direct appeal in Illinois, the Illinois appellate courts would have passed on that issue until collateral review because there was no factual record.

More recently, the Court distinguished claims that were based upon evidence that had always been in the record from those that arose as "the result of a complete and new assessment of all the evidence, arguments of counsel, and law." *Wilson v. Neal*, No. 23-2316, 2024 U.S. App. LEXIS 18144, at *15 (7th Cir. July 24, 2024), citing *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010). With respect to the former, the clock runs. But with respect to the latter, it does not because the claim is based upon new evidence. *See also Panetti v. Quarterman*, 551 U.S. 930, 946, 127 S. Ct. 2842, 2854 (2007) ("Instructing prisoners to file premature claims, particularly when

8

many of these claims will not be colorable even later, does not conserve judicial resources, 'reduc[e] piecemeal litigation,' or 'streamlin[e] federal habeas proceedings.' *Burton v. Stewart*, 549 U.S. 147, 154, 127 S. Ct. 793, 797, 166 L. Ed. 2d 628 (2007) *(per curiam)* (internal quotation marks omitted).").

*Massaro* likewise supports the limitations period Ms. Paige advocates here, "[a]pplying the usual procedural-default rule to ineffective-assistance claims would have the opposite effect, creating the risk that defendants would feel compelled to raise the issue before there is an opportunity fully to develop the factual predicate for the claim." *Massaro* 538 US at 504; *see also Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997) (challenging a new sentence). The purpose is to allow the state court to review the claim and "correct" any "constitutional violations in the first instance." *Boerckel*, 526 US at 844- 845. And AEDPA's limitations period -- with its tolling provision -- ensures the achievement of this goal because it "promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments." *Dunkin v. Walker*, 533 U.S. 167 (2001). A prisoner is entitled to one full and fair opportunity to wage a collateral attack. *Beyer v. Litscher*, 306 F.3d 504, 504 (7th Cir. 2007). Here, an earlier attack, without a full record, would not have been either "full or fair."

But not only didn't the order previously exist, the law did not either. Ms. Paige was released and awaiting her retrial when the Illinois Supreme Court

decided *People v. Knapp*, 2020 IL 124922, the case the appellate court relied upon to return her to prison ("Thus, as in *Knapp*, defendant's responses in open court rebut her claim that she involuntarily waived her right to testify.") *People v. Paige*, 2022 IL App (1st) at ¶ 39.[1]

In *Knapp*, the Court made a rigid rule that a criminal defendant was required to make a contemporaneous assertion that they wished to testify when asked during a criminal trial, and that if they indicated otherwise the record statement was a complete bar to any claim the answer was influenced by poor legal advice. Put another way, in Illinois a criminal defendant's decision to not testify on their own behalf is immune from an ineffective assistance challenge.

*Knapp* is squarely at odds with clearly established federal law. See *United States v. Goodwin*, 770 F.2d 631, 637 (7th Cir. 1985) ("It is primarily the responsibility of the defendant's counsel ... to advise the defendant on whether or not to testify and to explain the tactical advantages and disadvantages of doing so."); *Rogers-Bey v. Lane*, 896 F.2d 279, 283 (7th Cir. 1990) (applying Strickland to petitioner's claim that his counsel improperly advised him not to testify), modified in other respects by *Willis v. Aiken*, 8 F.3d

---

[1] Paige filed her petition in 2011 but did not have an evidentiary hearing until 2020, nine years later. For the entirety of those nine years her petition languished in the trial court. Had it been decided in any modicum of reasonable timeliness she would have had no reason to seek habeas review.

556, 563-66 (7th Cir. 1993); cf. *Hartsfield v. Dorethy*, 949 F.3d 307, 312-13 (7th Cir.) (ineffectiveness claim is the appropriate vehicle for contention that counsel violated defendant's right to testify), *cert. denied*, 141 S. Ct. 270, 208 L. Ed. 2d 35 (2020).

No federal case has ever held that an entire aspect of an attorney's advice to his criminal defense client is immune from an ineffective assistance claim.

Simply, Ms. Paige, under the district court's reasoning, was in a no-win situation. She could not raise her claim after her direct appeal because there was no record supporting the claim, yet the court counted the time. Likewise, the legal decision that is at odds with clearly established federal law was not in place until 2020, so there would have been no basis for an earlier challenge. The clock should have started when Ms. Paige could raise the claim after there was both a factual record and a legal issue, after her petition for leave to appeal to the Illinois Supreme Court was denied in 2022.

    Respectfully Submitted,

    IVIVA PAIGE, Petitioner-Appellee

    By: /s/ Christopher T. Grohman
        One of Her Attorneys

*Christopher T. Grohman*
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
(312) 212-4943
CGrohman@beneschlaw.com

Steven A. Greenberg
GREENBERG TRIAL LAWYERS
53 West Jackson Blvd., Suite 315
Chicago, Illinois 60604
(312) 879-9500
Steve@GreenbergCD.com

## DECLARATION

I, Steven A. Greenberg, being first duly sworn and on oath, state as follows:

I have read the foregoing Request for a Certificate of Appealability and certify that the matters set forth therein are true and correct.

| August 22, 2024 | /s/ Steven A. Greenberg |
|:---:|:---:|
| DATE | STEVEN A. GREENBERG |

Steven A. Greenberg
GREENBERG TRIAL LAWYERS
53 West Jackson Blvd., Suite 315
Chicago, Illinois 60604
(312) 879-9500
Steve@GreenbergCD.com

No. 24-2385

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| IVIVA PAIGE, | ) | Appeal from the United States |
| | ) | District Court for the |
| Petitioner-Appellee, | ) | Northern District of Illinois |
| | ) | |
| v. | ) | No.: 23 CV 5113 |
| | ) | |
| WARDEN EDDY, | ) | Honorable Jeremy C. Daniel |
| | ) | Presiding |
| Respondent-Appellant. | ) | |

## NOTICE OF FILING

To:  Chief of Criminal Appeals
   Attorney General's Office
   115 South LaSalle Street, 11th Floor
   Chicago, IL  60603

Please take Notice that on <u>August 22, 2024</u>, I caused to be filed with the Clerk of the United States Court of Appeals for the Seventh Circuit, this Notice of Filing and Request for a Certificate of Appealability, a copy of which is served upon you.

<u>/s/ Christopher T. Grohman</u>
One of Petitioner-Appellee's
Attorneys

## CERTIFICATE OF SERVICE

I, Christopher T. Grohman, certify that on <u>August 22, 2024</u>, I served this Notice of Filing and attached Request for a Certificate of Appealability to the above listed party, via email from 53 W. Jackson, Chicago, IL 60604.

<u>/s/ Christopher T. Grohman</u>
One of Petitioner-Appellee's
Attorneys

*Christopher T. Grohman*
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
(312) 212-4943
CGrohman@beneschlaw.com